IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **1:14-cv-02384-JLK**

**CECILIA DURANCE o/b/o ROBERT MONTELONGO,**

    Plaintiff,

  v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**

    Defendant.

---

## ORDER
---

Kane, J.

Upon consideration of the parties' joint stipulation for fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et seq*., IT IS HEREBY ORDERED:

1. Defendant will pay Plaintiff a total of $4,000.00 in EAJA fees. This amount is payable to Plaintiff, not directly to his counsel. Payment will be sent to the office of Plaintiff's attorney: Lawrence D. Rohlfing, Esq.; Law Offices of Lawrence D. Rohlfing; 12631 East Imperial Highway, Suite C-115; Santa Fe Springs, CA 90670.

2. Plaintiff is entitled to costs in the amount of $400.00, which is to be paid by the Judgment Fund, not by agency funds. *See* 28 U.S.C. §§ 2412(c)(1), 2444.

3. If, after receiving the Court's EAJA fee order, the Commissioner determines that Plaintiff has assigned his right to EAJA fees to his attorney and that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, then the Commissioner will agree to

1

waive the requirements of the Anti-Assignment Act (31 U.S.C. § 3727(b)), and the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

4. Defendant's payment of this amount bars any and all claims Plaintiff may have relating to EAJA fees and expenses in connection with this action.

5. Defendant's payment of this amount is without prejudice to Plaintiff's counsels' right to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

6. This Order will not be used as precedent in any future cases, and should not be construed as a concession that the Commissioner's administrative decision denying benefits to Plaintiff was not substantially justified.

DATED this 29th day of May, 2015.

BY THE COURT:

   **s/ John L. Kane**
SENIOR U.S. DISTRICT JUDGE